421 So.2d 508 (1982)
STATE of Florida, Petitioner,
v.
Jerry GREEN, Respondent.
No. 61517.
Supreme Court of Florida.
October 28, 1982.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for petitioner.
Joseph S. Farley, Jr. of Mahon, Mahon & Farley, Jacksonville, for respondent.
Louis O. Frost, Jr., Public Defender, and Susan T. Lewis and James T. Miller, Asst. Public Defenders, Fourth Judicial Circuit, Jacksonville, for amicus curiae.
McDONALD, Justice.
The First District Court of Appeal has certified the following question as being of great public importance:
Where the requirements of Florida Rule of Criminal Procedure 3.172 are otherwise met but the trial judge does not advise a guilty pleading defendant that the trial judge might retain jurisdiction over a part of his sentence, must the defendant be allowed to withdraw his guilty plea if the trial judge thereafter determines to retain such jurisdiction where the defendant testifies that he did not know that the trial court could retain jurisdiction over his sentence and there is no evidence that he did have such knowledge?
Green v. State, 406 So.2d 1148, 1150 (Fla. 1st DCA 1981). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question by holding that in a situation as set out in the certified question the trial court must either strike the retention of jurisdiction, letting the original plea stand, or else must allow the defendant to withdraw the guilty plea.
The state charged Green with two life felonies, burglary with the intent to commit an assault[1] and sexual battery with the use or threat to use a deadly weapon.[2] Green agreed to plead guilty to both counts, with the understanding that the maximum possible sentence would be two consecutive life terms. At the plea hearing Green stated that he understood the consequences of his plea and signed a form evidencing this knowledge. The court accepted the plea and ordered a presentence investigation. Later, at the sentencing hearing, the state requested that the court sentence Green to a lengthy term of years and retain jurisdiction over the sentence pursuant to section 947.16, Florida Statutes (1979). The court called a recess to study the retention issue.
*509 The court sentenced Green to consecutive terms of ninety years for the sexual battery and fifty years for the burglary, retaining jurisdiction over the first one-third of the cumulative sentence. A motion to vacate and set aside the sentence alleging that there had been no indication regarding the maximum sentence possible was filed and denied. Green admitted knowing he could have received consecutive life sentences, but not that the judge could retain jurisdiction and possibly affect his actual sentence to such an extent. The trial judge agreed, when denying the motion, that Green had not been informed of the possible retention.
The district court reversed, finding that Green had not been properly apprised of the time significance and consequences of his guilty plea. It remanded for the trial court either to strike the retention of jurisdiction or to allow Green to withdraw his guilty plea.
The issue raised by the certified question is whether the trial judge is required to advise a guilty-pleading defendant of the possibility of retaining jurisdiction over a part of the defendant's sentence. The essential requirements for the taking of a guilty plea are: (1) The plea must be voluntary; (2) the defendant must understand the nature of the charge and the consequences of his plea; and (3) there must be a factual basis for the plea. Williams v. State, 316 So.2d 267 (Fla. 1975). These requirements were incorporated into Florida Rule of Criminal Procedure 3.172 when adopted by this Court in Florida Bar, re: Florida Rules of Criminal Procedure, 343 So.2d 1247 (Fla. 1977).
The district court based its decision on rule 3.172(c)(i) which states:
(c) Except where a defendant is not present for a plea, pursuant to the provisions of Rule 3.180(c), the trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he understands the following:
(i) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law... .
The nature of the problem is defining what the "maximum possible penalty provided by law" is.
The state contends that retention of jurisdiction is a collateral consequence of the plea and not included within this standard. See Johnson v. Dees, 581 F.2d 1166 (5th Cir.1978); Edwards v. State, 393 So.2d 597 (Fla. 3d DCA), review denied, 402 So.2d 613 (Fla. 1981). The state also argues that Green was advised of the maximum penalty when the court informed him of the possibility of receiving two life sentences. These arguments are not convincing, however. The sentence of imprisonment for consecutive ninety- and fifty-year terms with retention of jurisdiction over the first third of the total sentence is the direct consequence of the guilty plea. Under the present parole system, even if sentenced to two life terms, Green would be eligible for parole in a significantly shorter period than the possible forty-seven years under the retention.
While retention of jurisdiction does not guarantee that the defendant will remain imprisoned for that period of time, the purpose behind section 947.16 is to prevent the early parole of dangerous prisoners without the sentencing judge's consent. Borden v. State, 402 So.2d 1176 (Fla. 1981). The imposition of retention, therefore, is a significant consideration in the plea bargaining arrangement and should be explained to a defendant before his plea is accepted, otherwise he would not be fully advised of the consequences of his plea.
The United States Supreme Court has indicated that in order for a plea to be voluntary, it must be made by one fully aware of the direct consequences. Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970). Failure to so advise prohibits a defendant from rendering a truly voluntary and knowledgeable waiver of the constitutional rights inherent in the plea arrangement. Brady v. United States; Boykin v. Alabama, 395 U.S. 238, *510 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
While it is possible that Green would not have to remain in prison for forty-seven years before a release on parole, the possibility does exist and that consequence is greater than the possibility of parole without the retention. While some may question which is the greater sentence, two consecutive life terms or 140 years, we need not reach this question because the retention of jurisdiction for a period of forty-seven years makes that sentence the greater penalty of the two.
Therefore, if a judge wishes to retain jurisdiction, a defendant must be advised, prior to pleading guilty or nolo contendere, that the court can retain jurisdiction over a part of the sentence. The district court has properly concluded that, on remand, the trial court must choose between retaining jurisdiction and allowing Green to withdraw his guilty plea. The decision of the district court, as amplified in the motion for rehearing, is approved.
It is so ordered.
ADKINS, BOYD, OVERTON and EHRLICH, JJ., concur.
ALDERMAN, C.J., dissents.
NOTES
[1] § 810.02, Fla. Stat. (1979).
[2] § 794.011(3), Fla. Stat. (1979).