MILLS, Judge.
Following the denial of his motion for postconviction relief, made pursuant to Rule 3.850, Florida Rules of Criminal Procedure, Shofner appealed, contending the trial court erred in retaining jurisdiction over the first one-third of his sentence. We agree and reverse.
Shofner was charged by information with two counts of armed robbery. He subsequently entered into a plea agreement in which the State agreed to recommend a sentence of ten years in return for his guilty plea. At the hearing, the trial court advised Shofner on several occasions that the State’s recommendation was not binding on the court and that he could receive a sentence ranging anywhere from probation to life imprisonment.
Thereafter, the trial court accepted his guilty plea, sentenced him to concurrent terms of fifteen years in prison on each count, and retained jurisdiction over the first one-third of the sentence pursuant to Section 947.16, Florida Statutes (1981). However, the trial court never advised Shofner of the possibility that jurisdiction might be retained.
If the trial court wishes to retain jurisdiction over a portion of a defendant’s sentence, it must, prior to accepting a plea of guilty or nolo contendere, advise the defendant of this possibility. State v. Green, 421 So.2d 508 (Fla.1982); Viars v. State, 415 So.2d 75 (Fla. 1st DCA 1982). Because Shofner was never so advised, the trial court erred in retaining jurisdiction over the first one-third of his sentence.
Accordingly, this case is remanded to allow the trial court either to strike the retention of jurisdiction or to allow Shofner to withdraw his guilty plea.
BOOTH and SHIVERS, JJ., concur.