DÁNAHY, Judge.
Norman Woodrow Crawford, Jr., seeks review of the trial court order which summarily denied his motion for postconviction relief. Crawford contends that the trial court erred in retaining jurisdiction over a part of his sentence. We agree and reverse on the authority of State v. Green, 421 So.2d 508 (Fla.1982), wherein our supreme court opined that “if a judge wishes to retain jurisdiction, a defendant must be advised, prior to pleading guilty or nolo con-tendere, that the court can retain jurisdiction over a part of the sentence.”
An examination of the transcript of the change of plea hearing conclusively shows that Crawford was never informed by the trial court of the possibility that it would or could retain jurisdiction over part of his sentence. Rather, the record reflects that Crawford was first apprised at his sentencing hearing, nearly seven weeks after he had pled guilty, that the trial court would retain jurisdiction over one-third of his sentence.
Since Crawford was not fully informed of the consequences of his plea and the imposition of retention was not made a part of his plea bargain agreement, we reverse the trial court’s denial of Crawford’s motion.
Accordingly, we reverse and remand this cause to the trial court with directions to choose to either strike the retention of jurisdiction, letting the original pleas stand, or allow Crawford to withdraw his guilty pleas.
REVERSED and REMANDED.
OTT, C.J., and RYDER, J., concur.