COBB, Judge.
The prior decision and the mandate issued in this cause are hereby withdrawn,[1] and Fowler’s motion for post-conviction relief is granted pursuant to State v. Green, 421 So.2d 508 (Fla.1982) and Grice v. State, 428 So.2d 672 (Fla. 5th DCA 1982).
In Green, the Supreme Court held that “if a judge wishes to retain jurisdiction, a defendant must be advised, prior to pleading guilty or nolo contendere, that the court can retain jurisdiction over a part of the sentence.” 421 So.2d at 510. In this case, Fowler has alleged that he was not informed of the possibility of retention pri- or to pleading guilty, and the state has not shown otherwise.
Accordingly, the cause is remanded for the trial court to either strike the retention of jurisdiction or allow Fowler to withdraw his guilty plea. As a consequence of our *126 action in this case, Fowler’s petition for habeas corpus for belated review in Case No. 83-1418 is moot.
DECISION and MANDATE WITHDRAWN; REMANDED WITH INSTRUCTIONS.
FRANK D. UPCHURCH, Jr. and CO-WART, JJ., concur.

. The mandate was issued on August 12, 1983, during the current term of court; therefore, this court has jurisdiction to recall it. See State Farm Mutual Automobile Ins. Co. v. Judges of the District Court of Appeal, Fifth District, 405 So.2d 980 (Fla.1981); § 35.10, Fla.Stat. (1981) (regular terms of district courts of appeal to commence on the second Tuesday in January and July).