SCHEB, Judge.
The state charged Kenneth Cooper by information with armed robbery, kidnap *699 ping, and aggravated assault. He entered a plea of guilty to the armed robbery and aggravated assault. The trial court sentenced him to ninety-nine years on the robbery count concurrent with five years on the aggravated assault count. The court retained jurisdiction over one-third of his sentence pursuant to section 947.16(3), Florida Statutes (Supp.1982).
Cooper contends that in accepting his plea, the trial court erred in failing to inform him that it could retain jurisdiction over one-third of any sentence imposed. State v. Green, 421 So.2d 508 (Fla.1982). In Green, however, the defendant moved to vacate and set aside his sentence based on his lack of knowledge that the trial judge could retain jurisdiction over a portion of his sentence. Cooper did not file such a motion, nor did he move to withdraw his guilty plea. Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979). Accordingly, we do not reach this issue on direct appeal.
We find no merit in defendant’s other point on appeal.
We, therefore, affirm defendant’s conviction and sentence without prejudice to file a motion for relief under Florida Rule of Criminal Procedure 3.850.
GRIMES, A.C.J., and CAMPBELL, J., concur.