459 So.2d 1151 (1984)
Susan JONES, a/K/a Janice Jones, Appellant,
v.
STATE of Florida, Appellee.
No. AW-148.
District Court of Appeal of Florida, First District.
November 28, 1984.
Rehearing Denied December 18, 1984.
Michael E. Allen, Public Defender, Michael J. Minerva, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., John W. Tiedemann, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant seeks review of a sentence imposed, after a guilty plea, for the offense of felony petit theft. Appellant argues that her election to be sentenced pursuant to Fla.R.Crim.P. 3.701 is vitiated by the court's failure to ascertain whether she was aware that she would not be eligible for parole. We conclude that the court is not required to make such an inquiry and we therefore affirm the sentence imposed.
Appellant was charged with the commission of a felony petit theft in September 1983 and entered a guilty plea accompanied by an express election to be sentence pursuant to the provisions of Fla.R.Crim.P. 3.701. The state recommended that the penalty imposed be in accord with the presumptive guidelines sentence, and appellant indicated that her plea had been entered in return for this recommendation. The court made an extensive inquiry into the voluntariness of appellant's plea and, *1152 after informing appellant that she was foregoing various specific constitutional rights, determined that the plea was freely entered with a "full understanding" of both the nature of the plea and its consequences.
The court also informed appellant that it was bound by neither the presumptive guidelines sentence nor the state's recommendation with regard thereto. The court did not inform appellant as to her ineligibility for parole; appellant asserts that such failure vitiates her election to be sentenced pursuant to Fla.R.Crim.P. 3.701. However, application of Rule 3.701 requires only that appellant "affirmatively selects" to be sentenced pursuant to the rule. See § 921.001(4)(a), Florida Statutes. Such affirmative selection does not require any advisement by the court as to ineligibility for parole. See Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984); also see Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984).
Unlike Moore, the present case involves a negotiated plea. It is well established that the voluntariness of a guilty plea is dependent upon an awareness of the consequences thereof. See, e.g., Brady v. U.S., 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Thus, a defendant must be aware of the direct sentencing consequences which attend a plea. See State v. Green, 421 So.2d 508 (Fla. 1982). However, appellant does not challenge the validity of her guilty plea, but seeks only to have her sentence vacated so that she might reconsider whether to select the application of Fla.R.Crim.P. 3.701. Furthermore, appellant's ineligibility for parole is not a consequence which directly attends the plea itself; rather, it is a consequence which attends appellant's election to be sentenced pursuant to Rule 3.701. And appellant's election to be sentenced pursuant to Rule 3.701 is not impacted by the absence of a showing that appellant was aware of her ineligibility for parole, since such election requires only an affirmative selection without any requirement that the court advise a defendant regarding parole ineligibility. See Moore, supra.
Accordingly, the sentence appealed is affirmed.
BOOTH and WENTWORTH, JJ., concur.
ERVIN, C.J., dissents with written opinion.
ERVIN, Chief Judge, dissenting.
I respectfully dissent. Notwithstanding that appellant was not advised of the consequences of selecting guideline sentencing, the majority affirms, relying upon this court's opinion in Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984), holding that because the rule and legislation authorizing the guidelines require only a showing that a defendant "affirmatively select" guideline sentencing, there is no necessity for such selection to be equatable with the term "knowingly and intelligently." I would feel bound by the Moore holding if the dispositive facts in the instant case were the same as those stated in Moore. Unlike the case at bar, Moore involved a situation in which the defendant's selection of guideline sentencing was not made part of a plea bargain agreement. Rather, it occurred after the rendition of a jury verdict which had found Moore guilty of armed robbery. Moore, then, was sentenced with none of the strictures imposed upon trial judges following a tender of a plea of guilt. See specifically Florida Rules of Criminal Procedure 3.170(j), placing on the trial court the responsibility of determining that the circumstances surrounding the plea reflect a full understanding of its significance, and 3.172, regarding the factors which must be stated in the record disclosing the voluntariness of the plea. These rules generally incorporate the requirements of Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274, 279 (1969), holding that it is error for a "trial judge to accept ... [a] guilty plea without an affirmative showing that it was intelligent and voluntary." A guilty plea  unlike an affirmative selection to be sentenced following trial  involves the waiver of three important constitutional rights: (1) the privilege against compulsory *1153 self-incrimination; (2) the right to trial by jury; and (3) the right to confront one's accusers. 395 U.S. at 243, 23 L.Ed.2d at 279. Indeed, as stated in Harris v. State, 438 So.2d 787, 797 (Fla. 1983), for a plea to be effective, "there must be an express waiver of the right ... by the defendant, and the record must reflect that it was knowingly and intelligently made." (Emphasis in original.) This is a restatement of the rule applied in Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747, 760 (1970), holding that in order for a plea to be voluntary, it must be made by one fully aware of the consequences. Moreover, waiver of constitutional rights cannot be presumed from a silent record. Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, 77 (1962).
In my judgment, because the record fails to reveal the existence of an express waiver of the defendant's right to a proper consideration of parole,[1] the statute and the rule, in their application, not facially, must be said to violate constitutional prohibitions against ex post facto laws. A violation of the ex post facto constitutional provision occurs when a law has retrospective effect, i.e., it applies to events occurring before its enactment, and it disadvantages the offender affected by it. Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17, 23 (1981). Weaver indicates that if a defendant is deprived of the right to qualify for parole, the deprivation may amount to an ex post facto violation, if applied retroactively. 450 U.S. at 34, 101 S.Ct. at 967. In the case on review, appellant, by selecting guideline sentencing, unknowingly waived a valuable constitutional right: the right to be sentenced under the law existing at the time the offense was committed.[2]
Thus there should be no question that retroactive application of Section 921.001, Florida Statutes, or of Florida Rule of Criminal Procedure 3.701, could amount to an ex post facto violation if a defendant does not knowingly and intelligently waive his or her right to a proper consideration of parole.
A situation similar to that before us occurs when, as part of a plea bargain, the defendant is not informed by the court that it may retain jurisdiction over a portion of his sentence. See State v. Green, 421 So.2d 508, 509 (Fla. 1982), holding that the imposition of retention is a significant consideration in the plea bargain arrangement which should be fully explained to a defendant before his plea is accepted, otherwise he would not be completely informed of the consequences of his plea. See also Shofner v. State, 433 So.2d 657 (Fla. 1st DCA 1983); Ward v. State, 433 So.2d 1221 (Fla. 3d DCA 1983); Brown v. State, 434 So.2d 21 (Fla. 2d DCA 1983).
Nor should there be any question that the defendant was disadvantaged by the sentence imposed. Admittedly the trial judge could have sentenced appellant outside the guidelines to a five-year term of imprisonment. See Sections 812.014(2)(c); 775.082(3)(d), Florida Statutes. Nevertheless, pursuant to the Objective Parole Guidelines Act, appellant would have been eligible for a parole interview within eight months of her sentence, to have a presumptive parole release date set within 90 days of that interview, and to have the release date reconsidered periodically. See Sections 947.16(1)(a), 947.172(2), and 947.174, Florida Statutes.
Although no specific objection was raised at the time the sentence was imposed as to the failure of the court to advise the appellant *1154 that by selecting guideline sentencing she would waive her right to parole, the point is appropriately preserved for appellate review. See State v. Rhoden, 448 So.2d 1013 (Fla. 1984); Weston v. State, 452 So.2d 95 (Fla. 1st DCA 1984).
I would therefore reverse the sentence imposed with directions that the appellant be given the option either of withdrawing her plea of guilty or her selection of guideline sentencing.
NOTES
[1] The law is clear that while there is no absolute right to parole, there is nonetheless a right to a proper consideration of parole for most offenses. See Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla. 1974).
[2] The offense with which appellant was charged occurred on September 3, 1983, whereas guideline sentencing became effective on October 1, 1983. See Ch. 83-87, § 5, Laws of Fla. The law permits defendants to make affirmative selections to be so sentenced as to all noncapital and life felonies which were committed before October 1, 1983. If no selection had been made, the defendant of course would have been sentenced outside the guidelines, thereby entitling her to consideration for parole.