PER CURIAM.
This is an appeal conducted pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in a probation revocation proceeding. After the public defender filed a memorandum brief, this court afforded Dieter Schmidt the opportunity to file additional briefs in this appeal. He has done so, the state filed a response and we now affirm as to all issues raised except the issue of the trial court’s retention of jurisdiction.
Appellant, pro se, raises several points on appeal, only one of which has merit. He asserts that he was not told, at the time he entered his plea of nolo contendere, that the trial court could retain jurisdiction over the first one-third of his sentence. The state concedes this point. Therefore, under State v. Green, 421 So.2d 508 (Fla.1982), we are compelled to remand this cause to the trial court so that it may either strike the retention of jurisdiction, allowing the original plea to stand, or allow appellant to withdraw his nolo plea. Mrozowski v. State, 444 So.2d 587 (Fla. 2d DCA 1984); Fowler v. State, 443 So.2d 125 (Fla. 5th DCA 1983); Crawford v. State, 438 So.2d 974 (Fla. 2d DCA 1983).
Remanded with directions.