PER CURIAM.
In his appeal from the summary denial of a motion for postconviction relief, appellant raises only one point which appears to have merit. He asserts that the court erred in retaining jurisdiction over one half of his sentence without informing him of this possibility prior to accepting his guilty plea.
In State v. Green, 421 So.2d 508, 510 (Fla.1982), our supreme court said that, “if a judge wishes to retain jurisdiction, a defendant must be advised, prior to pleading guilty or nolo contendere, that the court can retain jurisdiction over a part of the sentence.” In Crawford v. State, 438 So.2d 974 (Fla. 2d DCA 1983), we reversed the summary denial of a motion for post-conviction relief because the record did not reflect that the defendant had been apprised of the possibility of a retention of jurisdiction prior to the entry of his guilty plea.
Accordingly, we reverse the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion, and attach to its order *941 those portions of the record which conclusively show that appellant is not entitled to relief, or hold an evidentiary hearing and then rule on the allegation raised in appellant’s motion. See Fla.R.Crim.P. 3.850. To obtain further review, any aggrieved party must appeal the new ruling of the trial court.
Reversed and remanded.
GRIMES, A.C.J., and DANAHY and LE-HAN, JJ., concur.