PER CURIAM.
This cause is before us on appeal from a sentence rendered pursuant to a probation violation.
Appellant has raised three issues on appeal: (1) whether his sentence should be vacated because he committed the crimes before October 1, 1983, and the record does not reflect that appellant knowingly and intelligently waived his right to parole eligibility, or, alternatively, the record does not establish an “affirmative” election; (2) whether the trial court erred in departing from the guidelines sentence without giving written reasons for departure; and (3) whether the trial court erred in departing from the guidelines because the transcribed reasons for departure were not clear and convincing.
We affirm issue one, reverse issues two and three, and remand for resentencing.
On October 19, 1983, appellant was sentenced to five years of imprisonment following his pleas of guilty to charges of uttering a forged instrument and grand theft auto. Appellant filed a motion for reduction of sentence. According to appellant’s motion for reduction of sentence and statements made on the record by the court and appellant’s counsel, appellant had previously filed a written election to be sentenced under the new guidelines. The actual written request was not included in the record. The sentences were subsequently reduced to concurrent five-year probationary terms.
Probation was revoked after appellant admitted violating four conditions of his probation, and the trial court, departing from the recommended guidelines, sentenced appellant to concurrent five-year terms of imprisonment. The recommended guidelines sentence was “any nonstate prison” sanction which may be raised one category for probation violation. Thus, after revocation of appellant’s probation, the trial court could have sentenced appellant to community control or 12 to 30 months of incarceration without departing from the recommended guidelines.
The judge gave no written reasons for the guidelines departure but orally stated his reasons for departure, which were transcribed by the court reporter and attached to one of the judgments and sentences.
The first issue is whether appellant’s sentence under the sentencing guidelines should be reversed because the record fails to establish that appellant knowingly and intelligently waived his right to parole eligibility or, alternatively, whether the record establishes an “affirmative” election.
The first part of this question, whether appellant’s election is required to be “knowing and intelligent,” has been addressed by this court in several cases. Jones v. State, 459 So.2d 1151 (Fla. 1st DCA 1984); Coates v. State, 458 So.2d 1219 (Fla. 1st DCA 1984); Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984). Specifically, in Brown v. State, 464 So.2d 193 (Fla. 1st DCA 1985), review pending, 487 So.2d 1073 (1986) (Supreme Court of Florida), this court held, in part, that “if a defendant ‘affirmatively selects’ to be sentenced pursuant to the guidelines, it is not necessary that there be a showing that he voluntarily and intelligently waived his parole eligibility.” Id. 194. In view of this and other previous decisions, we reject this portion of appellant’s argument.
Appellant’s alternative argument under this issue, failure of the record to establish an “affirmative election,” is without merit. Although the written election to be sentenced under the guidelines was not included in the record, appellant’s motion for reduction of sentence and statements made on the record by appellant's counsel are sufficient to establish that appellant made an “affirmative election” prior to appellant’s original sentencing.
Appellant’s subsequent effort to make a conditional election at the second sentencing hearing does not control in light of appellant’s prior “affirmative election” to *53 be sentenced under the guidelines. Accordingly, we affirm the first issue.
As to appellant’s second and third issues, we must reverse due to State v. Jackson, 478 So.2d 1054 (Fla.1985), wherein the Supreme Court addressed this issue and held that a transcript of oral statements made by the judge at sentencing is insufficient to justify departure from the guidelines, and Rule 3.701(d)(14), Florida Rules of Criminal Procedure. That rule allows a trial judge who is revoking probation to go up one sentencing range without giving a clear and convincing reason for departure. If violation of probation is the sole reason for departure, the trial court cannot depart further than the “one cell” allowed by the rule. Stewart v. State, 480 So.2d 1387 (Fla. 1st DCA 1986); Ludmin v. State, 480 So.2d 1389 (Fla. 1st DCA 1986); Carlisle v. State, 485 So.2d 26, (Fla. 1st DCA 1986).
Based on the foregoing, we vacate the sentence and remand to the trial court for resentencing in accordance with this opinion.
BOOTH, C.J., and WIGGINTON and BARFIELD, JJ., concur.