DANAHY, Judge.
On this appeal the defendant contends that his sentences are improper upward departures from the recommended guidelines range applicable to the defendant’s offenses. We agree and reverse.
The defendant was originally charged with burglary of a dwelling and grand theft in the second degree. He entered a plea of nolo contendere and was placed on probation for five years. In 1984, the defendant was found guilty of probation violations, and his probation was modified to require that he reside at a probation and restitution center.
Subsequently, the defendant was charged with armed robbery and resisting arrest with violence. These charges, as well as the allegation that he had absconded from the probation and restitution center, formed the basis of an affidavit of violation of probation.
*206 At a hearing on the revocation probation charges, the trial judge found that the defendant had violated the terms of his probation by committing the offenses for which he was arrested as well as absconding from the probation and restitution center. No scoresheet is in the record, but the defendant represents that the state prepared a scoresheet and that it reflected a total of 35 points, producing a recommendation of any nonstate prison sanction. The state does not dispute that.
The trial judge entered an order described as “order of aggravating circumstances” in which he mentioned the 1984 probation modification and listed the three current charges of probation violation which he had found the defendant committed. He then concluded that “the subsequent commission by the Defendant while on probation of two felonies, justifies a departure from the sentencing guidelines.” The judge imposed sentences of five years imprisonment on the original charges of burglary and grand theft in the second degree, to be served concurrently.
Florida Rule of Criminal Procedure 3.701(d)(14) deals specifically with sentences imposed after revocation of probation. The rule provides that “the sentence imposed after revocation of probation may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.” This court and others have held, pursuant to the rule, that if violation of probation is the sole reason for departure, a trial judge cannot depart further than the one cell allowed by the rule. Stabler v. State, 486 So.2d 51 (Fla. 1st DCA 1986); Davis v. State, 486 So.2d 45 (Fla. 5th DCA 1986); Irving v. State, 484 So.2d 78 (Fla. 2d DCA 1986). Thus, the question before us is whether the trial judge expressed valid reasons for departure in this case other than the violation of probation.
We note that although the defendant was found to have violated his probation in 1984, the trial judge in this case did not base his departure on that fact. Thus we distinguish this case from those probation revocation cases which have approved departure sentences where the trial judge gave as a reason for departure the fact that the defendant had been found on more than one occasion to be in violation of probation. See Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985); Gordon v. State, 483 So.2d 22 (Fla. 2d DCA 1985); Riggins v. State, 477 So.2d 663 (Fla. 5th DCA 1985).
Assuming, without deciding, that a trial judge may consider the substantive nature of probation violation charges as reasons for a departure, we find that departure in this case based on the commission of two felonies runs afoul of the provision in rule 3.701(d)(ll) that “reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction.” Although the defendant had been arrested on the charges of committing the two felonies, he had not been convicted on those charges at the time of sentencing in this case. We reject the state’s argument that the trial judge’s finding, for purposes of probation revocation, that the defendant committed these felonies was tantamount to conviction.
Eliminating the two felonies from consideration, there is left only the noncriminal probation violation, that the defendant had absconded from the probation and restitution center. The trial judge could not depart more than one cell based on this single charge.
Accordingly, we reverse and remand for resentencing. The maximum sentence which may be imposed upon this defendant must be within the next higher cell, community control or twelve to thirty months incarceration.
Reversed and remanded for resentenc-ing.
SCHEB, A.C.J., and SANDERLIN, J„ concur.