## JAMES v STATE OF FLORIDA
### Case No. 85-104 AC
Eleventh Judicial Circuit, Appellate Division, Dade County

September 17, 1986

### APPEARANCES OF COUNSEL

**Bennett H. Brummer,** Public Defender, and **Howard K. Blumberg,** Assistant Public Defender, for appellant.

**Jim Smith,** Attorney General, and **Mark J. Berkowitz,** Assistant Attorney General, for appellee.

Before Tendrich, Barad, Goldman, JJ.

### OPINION OF THE COURT

PER CURIAM.

This is an appeal from an order denying the Appellant's Motion to Vacate Guilty Plea.

The Appellant, arrested and charged with prostitution, was represented by the Public Defender. At the plea hearing, defense counsel announced that, pursuant to negotiations with the State, the Appellant would be withdrawing her previously entered plea of not guilty and entering a plea of guilty. The Prosecutor then stated that the plea negotiations included an adjudication of guilt. Defense counsel agreed.

Subsequently, Appellant filed a motion to vacate the guilty plea pursuant to Rule 3.170(f), Florida Rules of Criminal Procedure, on grounds that she had not entered the plea intelligently and with full knowledge of its consequences. At a hearing on the motion, the Appellant stated that no one had explained to her the nature and consequences of a guilty plea. Neither the prosecutor nor the defense counsel testified that either had explained to the Appellant the nature and consequences of a guilty plea. The trial judge, however, stated:

THE COURT: Ma'am, it was explained to you in Court, in open Court. I think the record will confirm that.

The record does not confirm the Court's assertion. At the plea hearing, after defense counsel announced the terms of the negotiated plea, the following transpired:

THE COURT: All right, is that what you want to do?

THE DEFENDANT: I don't have a choice, do I?

THE COURT: All right, pleading guilty to prostitution. The Court's adjudicating you guilty and you are to get 15 days to be served on seven consecutive weekends.

It is well established that before accepting a guilty plea the trial court must determine that: (1) the plea is voluntary; (2) the defendant understands the nature of the charge and the consequences of the plea, and (3) there is a factual basis for the plea. *Brady v. U.S.*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1472, 25 L.Ed. 2d 747, 756 (1970); *State v. Green*, 421 So.2d 508, 509 (Fla. 1982); *Williams v. State*, 316 So.2d 267 (Fla. 1975); Florida Rules of Criminal Procedure 3.172. A waiver of the constitutional rights which attain to any plea agreement must be made with the full knowledge of the consequences of the plea. *Brady v. U.S.*, 397 U.S. at 748; *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed. 2d 274 (1979). The record in the instant case not only fails to establish that the plea was entered voluntarily, but also, that the Appellant understood the consequences of the plea.

Accordingly, the order denying the motion to vacate is reversed and the cause remanded for further proceedings consistent with this opinion.