507 So.2d 651 (1987)
Richard COUSINS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2964.
District Court of Appeal of Florida, Second District.
April 15, 1987.
Rehearing Denied May 29, 1987.
James Marion Moorman, Public Defender, and W.H. Pasch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
In this appeal from his conviction and sentence for battery of a law enforcement officer, Cousins argues that the trial court's reasons for departure from the presumptive guidelines sentence were not clear and convincing. We agree and remand for resentencing.
Appellant was sentenced to thirty months' incarceration to be followed by two years' community control. In departing from the presumptive guidelines sentence of any nonstate prison sanction, the court listed four reasons for departure:
1. The defendant had a felony charge pending in another jurisdiction when this offense was committed.
At the time of sentencing for the instant offense, appellant had already been convicted and sentenced for the felony, a burglary. Therefore, the felony conviction should have been included in appellant's scoresheet instead of being considered as a reason for departure.
The trial court mistakenly believed that the burglary could not be scored since appellant had not been sentenced for the *652 burglary prior to committing the instant offense. However, this court has held that a crime committed prior to the subject offense should be factored into the guidelines so long as the conviction of the prior crime takes place before the sentencing of the subject offense. Falzone v. State, 496 So.2d 894 (Fla. 2d DCA 1986). Thus, this cause must be remanded so that a new scoresheet can be prepared to include the burglary in the "prior record" category.
2. The defendant is currently an absconder from the Tampa Restitution Center, his residence at which was a condition of probation; his poor prior performance as a probationer clearly shows he is in need of correctional and rehabilitative treatment through commitment to a penal facility.
A single charge of violation of probation will not support a departure sentence. Mack v. State, 489 So.2d 205 (Fla. 2d DCA 1986). In addition, the trial court's conclusion that the appellant could best be rehabilitated by commitment to a penal facility is an invalid reason for departure. Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985).
3. The defendant's prior history of violent and assaultive behavior establishes a pattern of conduct that makes him a continuing threat to the community.
The trial court's reliance on appellant's prior convictions already factored into the guidelines cannot justify a departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). The trial court also apparently considered an offense for which appellant was not convicted. As a juvenile, appellant was charged with aggravated assault; however, no disposition of the case appears in the record. There can be no deviation from the guidelines on the basis of prior arrests for which there has been no finding of guilt. Burke v. State, 483 So.2d 404 (Fla. 1985).
4. The defendant's prior history convinces the court that any chance for meaningful rehabilitation in his case depends on commitment to the Youthful Offender Program in the Department of Corrections.
This reason also appears to be based on appellant's prior record and does not constitute a clear and convincing reason for departure.
Therefore, since none of the trial court's reasons are valid and the scoresheet was incorrect, the case should be remanded for resentencing according to an amended scoresheet and within the sentencing guidelines.
LEHAN, A.C.J., and SANDERLIN, J., concur.