JOANOS, Judge.
Frederick Xavier Sulzbach, Jr. appeals judgments and sentences ordering him to concurrent terms of prison for nine years and five years. He argues that the trial court erred in departing from the recommended sentencing guidelines. We find the sentences to be in error, and therefore affirm the convictions, but reverse and remand for resentencing.
On September 10,1986, appellant entered pleas of nolo contendere to uttering a forged instrument and escape. The recommended guideline senténce based upon the scoresheet used was seven to nine years incarceration. The trial court adjudicated appellant guilty of both charges, and sentenced him to nine years in prison on the escape charge and to five years incarceration for uttering a forged instrument, with the sentences to run concurrently. The trial court also ordered that the sentences would run concurrently with four other convictions from Okaloosa County. The trial judge mistakenly believed that sentencing was still pending on the four other convictions.
In December 1986, defense counsel filed a motion to correct the sentence arguing that the scoresheet was incorrect, and that a new scoresheet provided by the probation and parole services showed that appellant’s recommended guideline sentence was community control or 12-30 months incarceration. The state’s counsel agreed. The trial court granted appéllant’s motion and resen-tencing was held on January 22,1987. The trial court again sentenced appellant to nine years incarceration on the escape charge and to a concurrent five years incarceration on the charge of uttering a forged instrument. The trial court’s orally stated departure reason was that appellant had committed four felonies prior to the commission of the instant offenses, and such felonies had not been scored on the guidelines scoresheet because appellant had not been adjudicated on these offenses prior to the commission of the instant offenses. The trial court’s written reason for departure varied somewhat from its oral pronouncement, and stated that defendant’s scoresheet indicated that four felony convictions were not scored and that sentencing on the prior four felonies had been continued or delayed. The court found that the four unscored previous offenses were sufficient reasons for deviation. We find this conclusion to be in error because of the mistake regarding the facts.
Both parties have stipulated to the dates of the convictions of the four crimes committed but not scored. The record reveals that appellant was convicted and sentenced on July 23, 1986, for each of the four offenses the judge used for deviating from the guidelines. It was not until September 10, 1986, that appellant pled nolo contendere to the offenses for which he is currently being sentenced. Therefore, the four prior. convictions should have been factored into the prior record portion of the guidelines scoresheet for the escape and forgery charges, rather than used as reason for departure. See Cousins v. State, 507 So.2d 651 (Fla. 2d DCA 1987).
We also note that the original sentence calculation which resulted in the seven to nine year recommendation, utilized a *435 category nine scoresheet designed for “All Other Felony Offenses.” However, the second sentence calculation which resulted in a recommendation of community control, utilized a category eight scoresheet designed for “Weapons” convictions. The record is unclear as to why the category eight scoresheet was used. As we understand the record, it appears that a recommended sentence for the forgery and escape convictions, with escape being the primary offense being scored, should have been developed using a category nine scoresheet. See Rule 3.988 Florida Rules of Criminal Procedure. However, because of the lack of factual background provided in the record on appeal, we do not order which scoresheet to use on resentencing, but rather we direct that the selection of the appropriate scoresheet be reconsidered. We affirm the convictions, but reverse and remand for resentencing, so that the trial court may properly refigure appellant’s sentence using the four prior felony convictions in the scoring, and render an appropriate sentence.
BOOTH and THOMPSON, JJ., concur.