ROBERT P. SMITH, Judge.
On this appeal from the trial court’s denial of Hurst’s Rule 3.850 motion to correct a sentence in case number 78-289, it appears that the trial court did not state in the judgment and sentence the amount of jail time credit allowed against the sentence, but recited: “Time served in jail already considered.” Ordinarily we would remand with directions to modify the sentence by specifying the number of days credited, and providing that Hurst need not be present for resentencing, Larson v. State, 301 So.2d 491 (Fla. 1st DCA 1974); Kirkland v. State, 357 So.2d 766 (Fla. 1st DCA 1978). This casé is complicated by the pendency here of Hurst’s appeal from the judgment and sentence, which was pending also when Hurst submitted his Rule 3.850 motion to the trial court. It appears that the trial court was without power to entertain the Rule 3.850 *435 motion while the appeal is pending here. Grizzell v. State, 187 So.2d 342 (Fla. 1st DCA 1966); Barton v. State, 193 So.2d 627 (Fla. 2d DCA 1966). The order here reviewed is therefore AFFIRMED, without prejudice to Hurst’s reapplication to the trial court for correction of the sentence, should the judgment and sentence otherwise be affirmed on appeal.
AFFIRMED.
BOOTH and SHIVERS, JJ., concur.