PER CURIAM.
The order revoking probation and the judgment of conviction entered thereon are affirmed. Sufficient competent evidence was presented below to satisfy the conscience of the court that the defendant James A. Lee violated the conditions of his probation as found by the trial court in the order revoking probation. See Bernhardt v. State, 288 So.2d 490 (Fla.1974).
In accord with the state’s confession of error, however, it will be necessary to remand the sentencing order under review to the trial court for the purpose of modifying same. The trial court in the said sentencing order gave the defendant James A. Lee credit for “such time as he has been incarcerated prior to imposition of this sentence” but failed to specify the exact number of days which the defendant was being credited with pursuant to Section 921.161(1), Florida Statutes (1981). Upon remand, then, the trial court is directed to specify in the sentencing order the exact number of days of presentence incarceration to which the defendant is entitled as a credit against his sentence under the above statute. The defendant need not be present at this modification proceeding. See Hurst v. State, 379 So.2d 434 (Fla. 1st DCA 1980); De Stefano v. State, 377 So.2d 751 (Fla. 4th DCA), cert. denied, 386 So.2d 635 (Fla.1980).
Affirmed in part; remanded for modification of sentencing order.