478 So.2d 409 (1985)
Harold TUTHILL, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-82.
District Court of Appeal of Florida, Third District.
November 5, 1985.
Fine, Jacobson, Schwartz, Nash, Block & England and Kevin Emas and Theodore Klein, Miami, for appellant.
Jim Smith, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
The record reveals that appellant Tuthill was not afforded an opportunity to be heard on the question of the severity of the sentence to be imposed. The transcript discloses the following colloquy:
THE COURT: All right, Mr. Tuthill, is there anything you care to say before I impose sentence? Anything you want to say before I sentence you?
THE DEFENDANT: On probation?
THE COURT: Yes.
MR. DIEGUEZ: He didn't violate probation, Your Honor.
THE COURT: As far as I'm concerned, Mr. Dieguez, I am shocked. I am outraged. These youngsters, you have scarred them for the rest of their lives, Mr. Tuthill. I put you on probation. *410 You violated probation. I find you guilty. I adjudicate you guilty and I am sentencing you to 15 years in the State Penitentiary.
THE DEFENDANT: You asked me if I could say something and I haven't, Your Honor.
THE COURT: All right.
THE DEFENDANT: I couldn't possibly have violated probation.
THE COURT: I have heard that. The only thing I want to know, is there any reason why I shouldn't give you the maximum sentence which I have just done? I don't want to hear your arguments. That's for an Appellate Court. When they review the testimony, they will determine whether or not this Court is in error. I have heard testimony that offended me, that shocked my conscience. As far as I am concerned, you're a chicken hawk. You prey on little kids and you got caught and you don't deserve to be on the street.
Because the court foreclosed the presentation of matters "relevant to the sentence," State v. Scott, 439 So.2d 219 (Fla. 1983); Fla.R.Crim.P. 3.720(b), the cause is remanded solely for resentencing. The remaining point lacks merit.
Affirmed in part; reversed in part; remanded.
BARKDULL, Judge, dissenting.
I respectfully dissent. The quoted portion of the sentencing hearing set forth in the majority opinion clearly demonstrates that the defendant failed to avail himself of the opportunity to be heard on the question of the sentence. He wanted to dispute the probation violation and refused to take advantage of the opportunity to speak. He should not now be heard to complain.