SHARP, Judge.
Bouyer appeals his guideline sentence as illegal because the trial judge departed from the presumptive sentence of community control or twelve to thirty months incarceration, and imposed a sentence of three and one-half years, a sentence one range above. Appellant argues that the trial judge erroneously applied Florida Rule of Criminal Procedure 3.701(d)(14) in sentencing him one range above the presumptive sentence under the guidelines without giving clear and convincing reasons for a departure. Fla.R.Crim.P. 3.701(d)(ll). We agree.
The trial judge intended to impose a sentence consistent with the guidelines and Rule 3.701(d)(14). That rule provides:
Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation may be included within the *883 original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure. (Emphasis added).
The judge gave as his sole reason for departure the fact that the defendant was on probation at the time he committed the offense for which he was being sentenced. He also stated at the sentencing hearing he thought he could go up one range on the guidelines sentences in such a case without stating a reason for it.
The fact that Bouyer was on probation at the time he committed the present offense[1] was established by Bouyer’s admission to the court at the sentencing hearing. However, the record does not clearly establish that his probation had been revoked at the time of sentencing. We therefore hold that Rule 3.701(d)(14) was not applicable to this case, since revocation of probation had not then occurred.
Being on probation at the time an offense is committed is a factor which should be scored on a sentencing scoresheet. This was not done in this case. Bouyer received a score of 116, which if properly scored to account for this factor, would be increased to 152. However, this corrected score does not push Bouyer’s presumptive sentence up to the next range.
We therefore cannot sustain the sentence given in this case. The trial judge did not intend to depart from the presumptive range and he misapplied Rule 3.701(d)(14). But assuming he departed based on Bouyer’s being on probation, that cannot be a “clear and convincing” reason for departure since an element which is required to be scored cannot also be used as a ground for departure.[2]
VACATE SENTENCE AND REMAND FOR RESENTENCING.
DAUKSCH and COWART, JJ., concur.

. Bouyer was originally charged with burglary and aggravated battery, but pleaded guilty to the lesser charge of aggravated battery. Thereafter the state nolle prossed the burglary charge.

. Insofar as our decision in Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984) is in conflict with this case, this result is mandated by Hendrix v. State, 475 So.2d 1218 (Fla.1985) and Albritton v. State, 476 So.2d 158 (Fla. Aug. 29, 1985).