ON MOTION FOR REHEARING
PER CURIAM.
Appellee’s motion for rehearing is granted, the Court’s opinion filed December 19, 1986, is withdrawn and the following is substituted therefor.
The defendant appeals from his sentences on multiple offenses contending that the sentences constituted an unauthorized departure from the guidelines. We affirm.
In 1984 appellant pled nolo contendere to fifteen felony counts of issuing worthless checks. The trial court withheld adjudication of guilt and placed appellant on community control for a period of two years. Among the conditions of appellant’s community control were that he live and remain at liberty without violating the law and that he not maintain a checking account in any manner.
Approximately five months after being placed on community control, appellant violated the above conditions by passing another worthless check. He was subsequently charged with a violation of community control in the above respects. He entered a plea of nolo contendere to the new worthless check charge and admitted the violations of community control.
The trial court revoked his community control and sentenced appellant to various terms of incarceration totalling 9V2 years. The sentencing guidelines called for a 2½ to 3½ year sentence. As justification for departing from the guidelines, the court gave the following written reasons:
The defendant was previously placed on community control for fifteen counts of issuing worthless checks by this court’s order of December 14, 1984. Thereafter, on the 29th day of July, 1985 he was adjudged guilty for [sic] the offense of passing a worthless check in the amount of $15.00. Said adjudication of guilt is a violation of his community control.
The court deems the violation of community control a valid reason for departing from the recommended sentencing guidelines and it is so ordered.
Appellant contends that inasmuch as Fla. R.Cr.P. 3.701(d)(14) contemplates only a one cell “bump up” for a violation of probation or community control, a total sentence of more than 4V2 years (the maximum penalty in the next higher cell) was not justified. However, the Supreme Court recently recognized in State v. Pentaude, 500 So.2d 526 (Fla.1987), that the one-cell departure provided for in that Rule is justified solely by reason of revocation without regard to the underlying grounds and that the Rule does not preclude guidelines departure if the underlying grounds for revocation constitute clear and convincing reasons for departure beyond the next cell.
We are of the view that the underlying violations of community control were sufficiently serious to justify the trial court’s departure. First, the violation constituted a criminal offense. Second, the offense was exactly the same kind of offense for which the defendant had, just five months earlier, been placed on community control and the defendant’s conduct was in direct contravention of the court’s express directive to refrain from even maintaining a checking account.
We also reject appellant’s contention that the trial court’s extent of departure was an abuse of judicial discretion.
AFFIRMED.
JOANOS, THOMPSON and NIMMONS, JJ., concur.