505 So.2d 1113 (1987)
Robert W. CAHILL, Appellant,
v.
STATE of Florida, Appellee.
Case No. 85-2832.
District Court of Appeal of Florida, Second District.
April 22, 1987.
*1114 James Marion Moorman, Public Defender and W.H. Pasch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Once again, we are called upon to review a departure from the sentencing guidelines' presumptive sentence. Once again, we vacate the sentence and remand for resentencing because the trial judge based the departure on invalid reasons.
The trial judge listed three reasons for departure. The first reason stated, "Crimes and prior record are in the majority, crimes involving violence against persons and sexual batteries of one type or another, the same type of crime for which he is now being sentenced." This reason appears to be based on appellant's prior record and is thereby an invalid reason for departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Furthermore, the only information in the record concerning these prior crimes is their degree as listed in the sentencing scoresheet. Even if we could find that reason # 1 was valid, we would have to determine that reason # 1 is not clear and convincing because it is not supported by the record. See State v. Mischler, 488 So.2d 523 (Fla. 1986).
The trial court's second reason stated, "Based on recommendations of Department of Corrections." This reason for departure is clearly invalid. Scurry v. State, 489 So.2d 25 (Fla. 1986); State v. Eason, 501 So.2d 696 (Fla. 2d DCA 1987); Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986).
The trial court's third reason for departure stated, "Violation of probation is again of same nature; sexually based crime, as previously committed." This reason appears to be valid under the authority of a recent decision by the Florida Supreme Court in State v. Pentaude, 500 So.2d 526 (Fla. 1987). In Pentaude, the trial court orally stated his reasons for departure as, "You have violated conditions of your probation and the trust imposed upon you not only by failing to abide by the technical conditions of probation, but apparently having been convicted of an additional crime which shows an utter disregard for the law and for the chances previously given you." The first district found the reasons clear and convincing but reversed and remanded for resentencing because the reasons were not in writing. Pentaude v. State, 478 So.2d 1147, 1149 (Fla. 1st DCA 1985). The supreme court approved the district court's opinion and noted agreement with the district court's holding that "where a trial judge finds that the underlying reasons for violation of probation (as opposed to the mere fact of violation) are more than a minor infraction and are sufficiently egregious, he is entitled to depart from the presumptive guidelines range and impose an appropriate sentence within the statutory limit." 500 So.2d at 528, quoting 478 So.2d at 1149. In the case before us, Cahill was not only convicted of a second crime while he was on probation, but the second crime is of the same type as the first crime for which he was on probation. The facts in this case appear to be even stronger than the facts the supreme court found sufficient in Pentaude. Accordingly, we hold that the trial court's third reason for departure is valid.
Faced with both valid and invalid reasons for departure, we now apply the harmless error test of Casteel v. State, 498 So.2d 1249 (Fla. 1986). Applying this analysis, we are not convinced "beyond a reasonable doubt that the trial court would have rendered the departure sentence in the absence of the invalid reasons." Id. at 1251. This case was previously appealed. Cahill v. State, 478 So.2d 376 (Fla. 2d DCA 1985). This court reversed appellant's sentence under the guidelines and remanded for resentencing because appellant did not affirmatively select to be sentenced under the guidelines. Id. In that first sentence, the trial judge listed only reasons # 1 and # 2 but not reason # 3 in his reasons for departure (both sentences' reasons for departure are included in the record on this *1115 appeal). Reason # 3 was added at the sentencing hearing. Because we have held only reason # 3 to be valid, these facts lend support to our conclusion that the trial court may not have departed in absence of the invalid reasons. Therefore, we vacate appellant's sentence and, reluctantly, once again remand for resentencing.
Vacated and remanded for resentencing.
SCHOONOVER and SANDERLIN, JJ., concur.