SCHWARTZ, Chief Judge.
Finding Saldana guilty of theft of a motor vehicle, the trial court revoked the defendant’s two year probation and sentenced him on the original burglary charge to a six-cell upward deviation from the guidelines. The reasons for the sentence were stated as follows:
Advance 6 cells — Def. was on Probation Less than 5 months before he stole the car — Observing the demeanor of the defendant indicates a complete inability to abide by the Law.
We find neither ground sufficient to support the departure.
1. It seems clear that the mere fact that the appellant violated a two-year probation by committing a non-violent third degree felony some five months after the term began involves nothing more than an “ordinary” violation which does not justify any departure beyond the one cell increase automatically authorized by Florida Rule of Criminal Procedure 3.701(d)(14). See State v. Pentaude, 500 So.2d 526 (Fla.1987); Mackey v. State, 495 So.2d 916 (Fla. 4th DCA 1986); compare Walker v. State, 496 So.2d 220 (Fla. 3d DCA 1986) (violation involving threats to victim 74 days after commencement of term); Spivey v. State, 481 So.2d 100 (Fla. 3d DCA 1986) (violation within one month of probation order); Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984) (threats to assault victim’s father), pet. for review denied, 471 So.2d 44 (Fla.1985); Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984) (repetition of same offense within one month of probation).
2. The trial court’s adverse opinion of the defendant’s demeanor as indicating his alleged inability to comply with the law similarly does not support an upward departure. See Scott v. State, 488 So.2d 146 (Fla. 3d DCA 1986); Shelton v. State, 478 So.2d 433 (Fla. 5th DCA 1985); Clark v. State, 490 So.2d 1349 (Fla. 1st DCA 1986). See generally Chenard v. State, 510 So.2d 363 (Fla. 3d DCA 1987).
For these reasons, we reverse the sentence below for imposition of one in accordance with the guidelines as supplemented by Rule 3.701(d)(14). Upon remand, the trial court shall also conform the order revoking probation to its pronouncements at the time of the revocation hearing. See King v. State, 451 So.2d 948 (Fla. 3d DCA 1984).
Reversed and remanded with directions.
DANIEL S. PEARSON, J., concurs.