518 So.2d 1300 (1987)
Harold TUTHILL, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-847.
District Court of Appeal of Florida, Third District.
September 15, 1987.
Rehearing Denied February 15, 1988.
*1301 Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard E. Doran and Ralph Barreira, Asst. Attys. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
In 1983, following entry of his nolo contendere plea to the charge of committing a lewd and lascivious act in the presence of a child, appellant Harold Tuthill was sentenced to a four-year term of probation. In 1984, the state filed a new information and an affidavit alleging that Tuthill violated his probation by committing a lewd and lascivious act upon a minor. At the conclusion of a probation violation hearing, the trial court revoked probation and sentenced Tuthill to serve fifteen years in the state penitentiary. The state then entered a nolle prossequi of the information charging the substantive offense that formed the basis of the probation violation. In the ensuing appeal, this court ruled that Tuthill "was not afforded an opportunity to be heard on the question of the severity of the sentence to be imposed." Tuthill v. State, 478 So.2d 409, 409 (Fla. 3d DCA 1985), review denied, 484 So.2d 10 (Fla. 1986). Although we affirmed the trial court's revocation of probation, we remanded the cause to the trial court for resentencing. Tuthill.
On remand, the trial judge recused himself from the case. A successor judge conducted a hearing and imposed sentence. Deviating from guidelines' recommendations, the trial court sentenced Tuthill to a term of fifteen-years' imprisonment. The trial court's reasons for deviating from the guidelines recommendations were:
1. That the defendant was placed on probation in case number 83-6740 for Lewd and Lascivious Act [sic] Upon a Child.
2. That the defendant was found to be in violation of his probation before Judge Mastos and came before this Court for sentencing following the recusal of Judge Mastos.
3. That the substantive offense which was the basis of the probation violation was substantially similar to the charge on which the defendant was placed on probation.
4. That the new offense occurred within six months of the defendant being placed on probation.
Tuthill raises two points on appeal. First, he contends that the trial court committed reversible error in basing its departure from the recommended sentence on an offense which did not result in conviction. Second, Tuthill maintains that he is entitled to withdraw his election to be sentenced under the guidelines because changes in the law have deprived him of the right to appellate review of his sentence. We agree and reverse.
Our disposition of this cause turns on the issue of Tuthill's entitlement to withdraw his election to be sentenced under the guidelines. When Tuthill chose to be sentenced under the guidelines and forfeited his right to parole, he was entitled to appellate review of his sentence. Subsequent to that election, however, the legislature amended the statute governing guidelines sentences, § 921.001(5), Fla. Stat. (Supp. 1986), and climinated appellate review of the extent of the trial court's departure from sentencing guidelines. Recently, however, in Miller v. Florida, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), the Supreme Court of the United *1302 States declared modifications in sentencing guidelines to be substantive changes subject to ex post facto doctrine. "[A] change in the law that alters a substantial right can be ex post facto `even if the statute takes a seemingly procedural form.'" Miller, ___ U.S. at ___, 107 S.Ct. at 2453 (quoting Weaver v. Graham, 450 U.S. 24, 29 n. 12, 101 S.Ct. 960, 964 n. 12, 67 L.Ed.2d 17, 23 n. 12 (1981)). Under Miller's pronouncement, Tuthill is entitled either to withdraw his election or to rely on the guidelines law in effect when he made his election: legislative modifications limiting the extent of appellate review contradict the voluntariness of his election to be sentenced under the guidelines. Consequently, we reverse and remand for further proceedings.
As for the sentence imposed, the state maintains that the egregious circumstances surrounding the probation violation warrant departure from the guidelines. State v. Pentaude, 500 So.2d 526 (Fla. 1987). In Pentaude, the supreme court held that when "`the underlying reasons for violation of probation (as opposed to the mere fact of violation) are more than a minor infraction and are sufficiently egregious, [the trial court] is entitled to depart from the presumptive guidelines range and impose an appropriate sentence within the statutory limit.'" Pentaude, 500 So.2d at 528 (quoting State v. Pentaude, 478 So.2d 1147, 1149 (Fla. 1st DCA 1985)). Pentaude delineates some of the factors which may constitute clear and convincing reasons for departure beyond the next cell:
The trial judge has discretion to so depart based upon the character of the violation, the number of conditions violated, the number of times he has been placed on probation, the length of time he has been on probation before violating the terms and conditions, and any other factor material or relevant to the defendant's character.
Pentaude, 500 So.2d at 528.
In imposing sentence on Tuthill, the trial court correctly pointed to the character of the probation violation rather than the mere fact of the violation; however, unlike the defendant in Pentaude, Tuthill was never convicted of the substantive crime on which the probation violation was based because the state dropped that charge. It is well established that "[r]easons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained." Fla.R.Crim.P. 3.701(d)(11). Recent cases have reiterated that principle. Clark v. State, 490 So.2d 1349 (Fla. 1st DCA 1986); Mack v. State, 489 So.2d 205, 206 (Fla. 2d DCA 1986); see Williams v. State, 500 So.2d 501 (Fla. 1987). Cf. Cahill v. State, 505 So.2d 1113 (Fla. 2d DCA 1987) (where defendant is convicted of second crime while on probation, and second crime is of same type as first crime for which he was put on probation, trial court may depart from guidelines); Gissendaner v. State, 504 So.2d 474 (Fla. 1st DCA 1987) (where defendant who pled nolo contendere to offense which was same kind of offense for which the defendant had been placed on community control, trial court's departure from the guidelines is justified). Thus, in the absence of a conviction to support departure from the guidelines, the court's primary reason fails.
Next, we consider the trial court's reliance on the timing of the probation violation as a reason for departure. Although, under some circumstances, the timing of an offense may constitute a valid ground for departure, see Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984),[1] here the record reveals that there is some uncertainty as to when the probation violation occurred and that conflicts concerning the date were not resolved in accordance with the requisite reasonable doubt standard. State v. Mischler, 488 So.2d 523, 525 (Fla. 1986) ("`[C]lear and convincing reasons' require that the facts supporting the reasons *1303 be credible and proven beyond a reasonable doubt."). Thus, the remaining reason for departure fails, too. The invalidity of the trial court's reasons for departing from the guidelines mandates reversal.
For these reasons, we reverse and remand for further proceedings consistent with this opinion.
DANIEL S. PEARSON, Judge, concurring.
I concur in the result only.
SCHWARTZ, Chief Judge (dissenting).
Tuthill's probation for lewd and lascivious conduct with an 11 year old was revoked upon the finding that he committed a similar act six months after the beginning of the probationary term. I would affirm the upward departure sentence thereupon imposed for the initial charge and therefore respectfully dissent.
(1) I think it clear, first of all, that the nature and character of the conduct which constituted the violation of probation as found by the trial judge was properly considered as a clear and convincing reason for departure even though Tuthill was not separately convicted of the substantive crime. In my view, nothing in any rule, statutory provision, or the cases cited by Judge Baskin[1] justifies the position that this is required. To the contrary, the controlling case of State v. Pentaude, 500 So.2d 526, 528 (Fla. 1987), and those which follow it, emphasize that it is the violation itself  as opposed to some distinct factual demonstration and finding as to the basis of the violation  which is determinative. Thus, the court said:
Finally, we note agreement with the district court's holding that "[w]here a trial judge finds that the underlying reasons for violation of probation (as opposed to the more fact of violation) are more than a minor infraction and are sufficiently egregious, he is entitled to depart from the presumptive guidelines range and impose an appropriate sentence within the statutory limit." 478 So.2d at 1149. See Taylor v. State, 485 So.2d 900 (Fla. 4th DCA 1986), citing Williams v. State, 480 So.2d 679 (Fla. 1st DCA 1985) (certifying to this Court identical questions); Monti v. State, 480 So.2d 223 (Fla. 5th DCA 1985); Gordon v. State, 483 So.2d 22 (Fla. 2d DCA 1985).
Rule 3.701 d.14 merely recognizes that sentencing following revocation of probation is a serious matter, and so allows for a one cell departure without the necessity of any other reason. By no means, however, does the rule even purport to completely limit the trial court's discretion in sentencing when compelling clear and convincing reasons call for departure beyond the next cell. The trial judge has discretion to so depart based upon the character of the violation, the number of conditions violated, the number of times he has been placed on probation, the length of time he has been on probation before violating the terms and conditions, and any other factor material or relevant to the defendant's character. [e.s.]
Accord Cahill v. State, 505 So.2d 1113, 1114 (Fla. 2d DCA 1987) (quoting Pentaude); *1304 Gissendaner v. State, 504 So.2d 474, 475 (Fla. 1st DCA 1987).
To hold otherwise by requiring proof beyond a reasonable doubt to support a guidelines departure in a probation situation  either, as Judge Baskin suggests, by necessitating a "conviction" under Fla.R. Crim.P. 3.701(d)(11)[2] or, as the appellant contends, pursuant to the rule that the factual basis for a departure must be supported by that degree of proof, see State v. Mischler, 488 So.2d 523 (Fla. 1986)[3]  is unjustifiably contrary to the entire basis of the concept of probation, which, because it is purely a matter of judicial grace (for which Tuthill successfully pleaded at his first sentencing), Bernhardt v. State, 288 So.2d 490 (Fla. 1974), requires proof of a violation sufficient only to satisfy the conscience of the court. Randolph v. State, 292 So.2d 374 (Fla. 3d DCA 1974), cert. denied, 300 So.2d 901 (Fla. 1974); see Lee v. State, 440 So.2d 612 (Fla. 3d DCA 1983). I cannot agree that every probation violation hearing[4] should be rendered meaningless in determining the propriety of a departure and would hold, to the contrary, that a finding of violation is binding and determinative in the sentencing process.
(2) There is no doubt that the reasons assigned for departure  inherent in the revocation of probation  that Tuthill committed a horrific act against a child[5] which was both virtually identical to the one for which he was placed on probation and took place a short time afterward[6]  are more than sufficiently clear and convincing to support a departure. Pentaude; Cahill; Gissendaner; compare Saldana v. State, 510 So.2d 1238 (Fla. 3d DCA 1987).
(3) Even if the effect of Miller v. Florida, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) is to invalidate § 921.0015, Fla. Stat. (Supp. 1986), as it applies to this case, the remedy is quite obviously not to permit a withdrawal of the *1305 defendant's election of guidelines sentencing, but rather simply to apply the law as it stood unaffected by the statute. See Randolph v. State, 458 So.2d 64 (Fla. 1st DCA 1984); see also Richardson v. State, 472 So.2d 1278 (Fla. 1st DCA 1985). As established in Albritton v. State, 476 So.2d 158, 160 (Fla. 1985), this rule requires us to review the extent of the deviation from the guidelines on an abuse of discretion standard. After so considering the record, particularly in the light of the nature of Tuthill's conduct, I find no such abuse. Albritton, 476 So.2d at 160; Floyd v. State, 495 So.2d 872 (Fla. 5th DCA 1986); State v. Rice, 464 So.2d 684 (Fla. 5th DCA 1985); Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984).
NOTES
[1] See also Spivey v. State, 481 So.2d 100 (Fla. 3d DCA 1986), where this court held that a defendant's violation of probation by committing two new offenses within one month after being placed on probation constitutes a clear and convincing reason for departure from the guidelines.
[1] A line of second district decisions indeed holds that a probation violation based on the commission of a crime may not support a departure if the defendant has not been convicted of the offense. Lewis v. State, 510 So.2d 1089 (Fla. 2d DCA 1987); Royal v. State, 508 So.2d 1313 (Fla. 2d DCA 1987); Hudson v. State, 504 So.2d 2 (Fla. 2d DCA 1986); Mack v. State, 489 So.2d 205 (Fla. 2d DCA 1986). None of these cases, however, is buttressed by any supporting reasoning beyond an announcement of the conclusion; the only case relied upon  aside from each of the decision's citation of another for the same bootstrapped holding  is Hudson's reliance upon Dawkins v. State, 487 So.2d 63 (Fla. 2d DCA 1986), which is inapplicable because probation was not involved. With respect, I am not persuaded by these cases.

It should be noted also that, although it is true that, in fact, the probationers in Pentaude and Cahill were convicted of the underlying offense and the one in Gissendaner pled nolo, the courts' rationale in these cases gives no evidence that this made any difference to the ultimate result. I suggest that the language of Pentaude shows that the opposite is true.
[2] On the face of it, this rule refers only to "factors relating to the instant offenses." In this case, the instant offense is the original charge for which sentence was imposed, not the facts underlying the violation of probation.
[3] There is no reason why this rule apparently followed by the court would not apply to a "technical" violation of probation  requiring that each such issue be separately tried to a jury or the court on a reasonable doubt standard in order to support a departure. I would reject this conclusion and instead hold that the Mischler requirement is satisfied when it is shown  obviously beyond a reasonable doubt  that the defendant has been found guilty of the relevant misconduct in the violation proceeding by the standard appropriate there.
[4] Id.
[5] The offense was accurately summarized by the prosecutor as follows:

MR. SAULS: Judge, in both of these cases Mr. Tuthill preyed on the weakest members of our society, our children, and he does so in a particular[ly] insidious way. He goes and he offers these children money to help him around his house or to pick up golf balls with the promise of employment, he lures them into his house. He actually went so far as, the case of Ms. [F.], to go to her parents, meet those parents and provide them with a brochure similar to the resumes which you have seen which are supposed to support his community service, and he lured those parents into thinking he was [an] upstanding member of society and their children would be safe with him. And he took them back to his apartment and showed them pornographic [material] which portrayed pedo[ph]iliac activities, and he did that, as I said, within three [sic] months of being placed on probation for the very same type of offense.
[6] As to the "timing" issue, the real question in both the probation and sentencing hearing was whether the "second" act occurred before or after Tuthill had been placed on probation. The finding that he violated the probation obviously involves the determination that he was indeed on probation when the offense occurred. While it is now contended that this finding is not supported by evidence beyond a reasonable doubt, we have already affirmed the revocation of probation and thus the sufficiency of the evidence on the conscience of the court standard. Tuthill v. State, 478 So.2d 409 (Fla. 3d DCA 1985), review denied, 484 So.2d 10 (Fla. 1986). Hence, on the basis of my analysis, the "timing ground" for departure is sustained by the prior revocation. Even if it is not, however, I think it clearly appears "beyond a reasonable doubt" that the trial judge would have departed on the basis of the valid ground of the nature of the offense alone. Griffis v. State, 509 So.2d 1104 (Fla. 1987); Albritton v. State, 476 So.2d 158 (Fla. 1985).