517 So.2d 133 (1987)
David LAMBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0648.
District Court of Appeal of Florida, Fourth District.
December 30, 1987.
Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The defendant was placed on community control after convictions for aggravated battery and aggravated assault. During the period thereof, the state filed an affidavit alleging violation. After a hearing and upon the state's motion to aggravate, the trial court departed from the recommended guidelines and sentenced the defendant to fifteen years in prison for the original convictions. He appeals that departure, but we affirm.
The trial court aggravated the defendant's sentence for the following reasons:
1. That the Defendant while on community control committed new substantive offenses.
2. That the new substantive offenses were committed while Defendant was away from his approved residence without the permission or knowledge of his community control officer.
3. That the new substantive violations were violent in nature.
4. That the new substantive offenses resulted in charges identical to those for which the Defendant was placed on community control, those being Aggravated Battery and Aggravated Assault.
5. That the Defendant committed these new offenses with a weapon to-wit: a knife.
6. That the Defendant did stab the victim, Kathleen Gordon, (the subject of violation of community control number two (2)), in three (3) places leaving scars that were shown in open court.
7. That the Defendant's violent actions in this matter were the result of an insignificant domestic problem.
8. That in addition to the stabbing of the victim, Kathleen Gordon, the Defendant committed three (3) counts of Aggravated Assault upon her minor children and her nephew who tried to come to her aid.
9. That one of Kathleen Gordon's children was also cut on the leg and bears a *134 large scar which was displayed in open court.
10. That during the course of this attack the Defendant threatened to kill the victims.
The defendant argues that the foregoing reasons expressed by the trial judge involve offenses for which he had not been convicted prior to the sentencing and cannot be used as reasons for departure. See Lewis v. State, 510 So.2d 1089 (Fla. 2d DCA 1987), and Tuthill v. State, 518 So.2d 1300 (Fla. 3d DCA 1987). However, the state cites State v. Pentaude, 500 So.2d 526 (Fla. 1987) in which the Supreme Court held, in response to a certified question, that a person found guilty of violation of probation[1] may be sentenced beyond the next higher cell if the circumstances surrounding the violation demonstrate clear and convincing reasons for departure. In so holding, the court said:
[W]e note agreement with the district court's holding that where a trial judge finds that the underlying reasons for violation of probation (as opposed to the mere fact of violation) are more than a minor infraction and are sufficiently egregious, he is entitled to depart from the presumptive guidelines range and impose an appropriate sentence within the statutory limit.
As a consequence, we believe that the trial judge was justified in doing what he did in the case now before us. The violation of community control was certainly more than a minor infraction and was egregious indeed.
Notwithstanding this affirmance, we are conscious of the fact that the third district in Tuthill v. State appears to have agreed with the contention made by the defendant. Moreover, we are also aware that the ultimate sentence in the Pentaude decision includes the statement that the defendant was "convicted" of a substantive crime during the probationary period. However, we do not believe that conviction is necessary to the holding of Pentaude.
Nonetheless, there may be conflict with the third district and perhaps we misinterpret Pentaude. Accordingly, we hereby certify the following question, deeming it to be a matter of great public importance:
WHERE A TRIAL JUDGE FINDS THAT THE UNDERLYING REASONS FOR VIOLATION OF COMMUNITY CONTROL CONSTITUTE MORE THAN A MINOR INFRACTION AND ARE SUFFICIENTLY EGREGIOUS, MAY HE DEPART FROM THE PRESUMPTIVE GUIDELINES RANGE AND IMPOSE AN APPROPRIATE SENTENCE WITHIN THE STATUTORY LIMIT EVEN THOUGH THE DEFENDANT HAS NOT BEEN "CONVICTED" OF THE CRIMES WHICH THE TRIAL JUDGE CONCLUDED CONSTITUTED A VIOLATION OF HIS COMMUNITY CONTROL?
We find no error in the remaining point on appeal.
AFFIRMED.
ANSTEAD and GUNTHER, JJ., concur.
NOTES
[1] We acknowledge that Pentaude involves a probation violation rather than a community control violation. However, the principle is identical.