531 So.2d 741 (1988)
Walter ELDRIDGE Appellant,
v.
STATE of Florida, Appellee.
No. 87-1236.
District Court of Appeal of Florida, Fifth District.
September 22, 1988.
Leon M. Boyajan, II, of Poe & Boyajan, P.A., Inverness, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING
DAUKSCH, Judge.
Appellee has sought our rehearing in this matter and pointed out that the first opinion is in conflict with Young v. State, 519 So.2d 719 (Fla. 5th DCA 1988) and Lambert v. State, 517 So.2d 133 (Fla. 4th DCA 1987).
Appellee is correct that a conflict was created by the first opinion. We grant rehearing, withdraw our previous opinion in this case and affirm the sentence of the trial court. We also certify conflict with Tuthill v. State, 518 So.2d 1300 (Fla. 3d DCA 1987); Wilson v. State, 510 So.2d 1088 (Fla. 2d DCA 1987); Lewis v. State, 510 So.2d 1089 (Fla. 2d DCA 1987) and, finally, certify the same question of great public importance we certified in Young.
Rehearing granted, sentence affirmed, question certified.
SHARP, C.J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting.
While on probation after pleading no contest to lewd assault upon his step child (§ 800.04, Fla. Stat.), allegedly the defendant again criminally assaulted the same child. He was not arraigned, charged, tried, or convicted of the second offense but based upon it, his probation was terminated and a departure sentence was imposed.
The defendant was not convicted of the second offense and the spirit, if not the letter of the limitations included in the last two sentences of Florida Rule of Criminal Procedure 3.701 d.11. precluding departures based on crimes for which convictions have not been obtained, applies in this case.
The substantive question is:
When sentencing for a prior offense under the sentencing guidelines what effect should be given a subsequent accusation, arrest, conviction or acquittal relating to a subsequent offense?
This issue has usually been presented in the context that the defendant was on probation (or community control) when the subsequent offense allegedly occurred and the subsequent offense was also used to charge a violation of a condition of the probation or community control. In this context there are actually two separate and distinct questions presented that have been, but should not be, confused in the case law:
(1) What is the effect of a probation (or community control) violation on a guideline sentence?
*742 It was originally held that a violation of probation justified a departure sentence being imposed on the underlying or "prior" offense.[1] Later the guideline rule was amended to provide that the sentence imposed after revocation of probation or community control could for that reason be increased to the next higher cell (guideline range) ("notched-up") without requiring a reason for departure. See Fla.R.Crim.P. 3.701 d.14. That rule now answers the question of what effect should be given to a probation violation in formulating a sentence under the guideline rule.
(2) What effect does a subsequent offense have on a guideline sentence?
Under the guidelines the answer to the second question depends first on whether the defendant is acquitted or convicted[2] of the subsequent offense, and, secondly, if convicted of the subsequent offense, it depends on whether that conviction was "pending before the court for sentencing" (3.701 d.1. and 4.) at the time the guideline sentence was formulated and imposed on the prior offense, and, thirdly, if the conviction on the subsequent offense was "pending before the court for sentencing" the answer depends on which of the two offenses is considered "primary" (3.701 d.3.) and which is an "additional" offense (3.701 d.4.).
First, of course, if the defendant is acquitted of the subsequent offense, a departure sentence cannot be imposed on the prior offense based on the subsequent offense because under the explicit provisions of Rule 3.701 d.11. reasons for departure cannot be based on offenses for which the offender has not been convicted. See VanTassell v. State, 512 So.2d 181 (Fla. 1987); Woods v. State, 509 So.2d 1370 (Fla. 5th DCA 1987).
If the subsequent offense is "pending before the court for sentencing" (3.701 d.1. and 4.) at the time sentence is to be imposed on the prior offense, and the subsequent offense is the primary offense (3.701 d. 3.), then logically the defendant should be simply scored and sentenced on the subsequent offense and the prior offense scored as an additional offense (3.701 d.4.).[3] On the other hand if the subsequent offense is "pending before the court for sentencing" at the time of sentencing on the prior offense and the prior offense is the primary offense, then the subsequent offense is scored as an additional offense under Rule 3.701 d.4.[4]
Under the philosophy of the guideline sentencing rule if the subsequent offense is scored in formulating the guideline sentence, either as (1) the "primary offense" (3.701 d.3.) or (2) as an "additional offense at conviction" (3.701 d.4.), for that reason alone, it cannot be a clear and convincing reason justifying a departure sentence on the prior offense under Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Gregory v. State, 475 So.2d 1221 (Fla. 1985); Deer v. State, 476 So.2d 163 (Fla. 1985); Banks v. State, 509 So.2d 1320 (Fla. 5th DCA 1987); Brown v. State, 483 So.2d 743 (Fla. 5th DCA 1986); State v. Mihocik, 480 So.2d 711 (Fla. 5th DCA 1986).
If at sentencing on the prior offense the defendant has been merely arrested for (or accused of) the subsequent crime, but has not been convicted of it (either because the subsequent offense is pending untried, has *743 been dismissed or the defendant has been acquitted), then the subsequent offense cannot be factored in scoring a guideline sentence on the prior offense, and cannot be considered as support for a departure sentence because under Rule 3.701 d.11. reasons for a departure sentence cannot be based on offenses for which the offender has not been convicted. See Committee Note to Rule 3.701 d.11. See also Baxter v. State, 488 So.2d 647 (Fla. 5th DCA 1986); Dixon v. State, 492 So.2d 410 (Fla. 5th DCA 1986); Whitfield v. State, 490 So.2d 1358 (Fla. 5th DCA 1986); Ponder v. State, 530 So.2d 1057 (Fla. 1st DCA 1988). As to this guideline point of law it is totally immaterial that the defendant was on probation on the prior offense and that the probation has been terminated because of the acts which constitute the subsequent offense. Because of differences in the burden of proof between a criminal case and a violation of probation hearing, a defendant's probation can be terminated based on a finding of fact that the State was unable to prove beyond a reasonable doubt in a criminal case.[5] This does not mean, of course, that under the sentencing guidelines, a departure sentence can be entered contrary to Rule 3.701 d.11. which prevents a departure from being entered considering offenses for which the offender has not been convicted. The result in such a case is that while the probation can be terminated on lesser proof and the resulting guideline sentence can be "bumped up" under Rule 3.701 d.14., a departure sentence cannot be entered based upon the subsequent offense for which a conviction has not been obtained whether or not probation is terminated for that reason.[6]
In State v. Pentaude, 500 So.2d 526 (Fla. 1987), the certified question appears to have been whether the "circumstances" "surrounding" a probation violation can also constitute a clear and convincing reason for a departure guideline sentence. That question, as such, was answered in the affirmative. This is correct because obviously if a clear and convincing reason exists for imposing a departure sentence then the departure is justified notwithstanding the fact that the same "clear and convincing reason" may have also violated some condition of probation, justifying termination of the probation. In Pentaude, several conditions of probation had been violated and it was somewhat incidental to the question there certified and answered that one of the "circumstances" breaching a condition of probation, was that the defendant had been convicted of an "additional" or "substantive" [subsequent] crime committed during the probationary period. Pentaude does not consider the fact that the subsequent conviction should have either been the "primary offense" (3.701 d.3.) or scored as an "additional offense at conviction" (3.701 d.4.) and, in any of those events, for that reason was not a proper ground justifying a departure sentence under Hendrix, Gregory, Deer, Banks, Brown and Mihocik. Because of the failure to consider this point, Justice Adkins' opinion in Pentaude is more consistent with his dissents in Hendrix, Gregory and Deer than with the majority opinion in those cases.
In Booker v. State, 514 So.2d 1079 (Fla. 1987), the supreme court used broad language and stated that "probation violations" occurring after the prior offense but before revocation of probation are not factored into the scoresheet and therefore constitute a valid reason for departure. Because of the supreme court's imprecise language, conflict has arisen in the district courts of appeal over the propriety of departing from the guidelines based on criminal conduct which forms the basis for a revocation of probation but does not result in conviction.
In Wilson v. State, 510 So.2d 1088 (Fla. 2d DCA 1987), one reason given for a departure sentence imposed on a prior offense as to which the defendant had been placed on community control, was that the *744 trial court had found he had committed a subsequent offense (armed robbery) while on community control. The court considered Pentaude, supra, but reversed the departure sentence because while, at sentencing, the defendant had been charged with the subsequent offense he had not been convicted of it, citing Rule 3.701 d.11.
Likewise, in Lewis v. State, 510 So.2d 1089 (Fla. 2d DCA 1987), a departure sentence was reversed where one reason for departure was that the defendant had committed a subsequent violent crime while on probation for the commission of a prior violent crime, because the defendant had not been convicted of the subsequent offense.
In Tuthill v. State, 518 So.2d 1300 (Fla. 3d DCA 1987), rev. granted, Case No. 72,096 (Fla. May 24, 1988) probation was imposed on a prior offense and the probation was later terminated because of a pending subsequent offense. A departure sentence was entered on the prior offense based on the subsequent offense, but then the State dismissed the charges relating to the subsequent offense. The Third District Court of Appeal found that the departure sentence violated the provisions of Rule 3.701 d.11. that "[r]easons for deviating from the guidelines shall not include factors relating to the instant offense for which convictions have not been obtained." The dissent in Tuthill felt that the requiring of a conviction (or other proof beyond a reasonable doubt) of the subsequent offense in order to recognize it as the basis for a departure sentence would undermine the probation concept.
In Lambert v. State, 517 So.2d 133 (Fla. 4th DCA 1987), rev. granted, Case No. 71,890 (Fla. Feb. 10, 1988) the Fourth District Court of Appeal held that a conviction of the subsequent offense was not necessary to the supreme court holding in Pentaude and, conflicting with Tuthill, upheld a departure sentence imposed on a prior offense based on a subsequent offense which was found to have violated conditions of probation but for which the defendant had not been convicted.
This court in Young v. State, 519 So.2d 719 (Fla. 5th DCA 1988) followed Lambert and the dissent in Tuthill rather than the majority in Tuthill.
A departure sentence on some prior offense, as to which the defendant may have been on probation or community control, should not be based on any subsequent offense for which the defendant has not been tried. In this case the defendant's guideline sentencing scoresheet was properly "notched up" under Rule 3.701 d.14. because the trial court could legally find the defendant violated his probation by again criminally assaulting his step daughter, although the defendant was not charged with the subsequent offense, but it was error to base a departure sentence on the alleged subsequent offense as to which the defendant was not charged or convicted.
Four principles of guideline sentencing law can be expressed as follows:
(1) A guidelines sentence scoresheet may be increased one cell if probation or community control has been revoked as to the primary or any additional offense pending before the court for sentencing (Rule 3.701 d.14.).
(2) The existence of a clear and convincing reason authorizes the imposition of a departure sentence (Rule 3.701 d.11.) notwithstanding that the same reason is the basis for termination of probation. Pentaude, supra.

(3) A trial court finding that a person on probation or community control has committed an act which constitutes a criminal offense may justify termination of probation or community control even though the person is acquitted of a criminal offense after trial. Horn, supra.

(4) Whether or not the defendant is on probation or community control, the alleged commission of a subsequent criminal offense not resulting in conviction or a subsequent non-capital conviction within the court's jurisdiction should never be used to justify a departure sentence because, if the accused is not convicted of a subsequent offense, that factor cannot be used as a reason for departure under *745 Rule 3.701 d.11. (and Woods, supra) and, if the accused is convicted of a non-capital[7] subsequent offense within the court's jurisdiction,[8] that conviction should be scored as "primary offense" (Rule 3.701 d.3.) or "additional offense" (Rule 3.701 d.4.) and for that reason cannot justify a departure sentence. Hendrix, supra.

Based on the above reasoning and principles of law, this court should recede from Young, supra, and reverse the departure sentence in this case and remand for resentencing within the recommended guidelines range.
NOTES
[1] See Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984) and the long line of cases following Carter. See also Bouyer v. State, 478 So.2d 882 (Fla. 5th DCA 1985).
[2] See Fla.R.Crim.P. 3.701 d.2.
[3] However, in this situation, the committee note to Rule 3.701 d.5., inexplicably, states that if the prior offense resulted in probation now to be revoked, the prior offense should be scored as prior record (3.701 d.5.) rather than an additional offense and this illogical directive has been followed. See Cain v. State, 506 So.2d 1125 (Fla. 1st DCA 1987); Rojas v. State, 506 So.2d 1158 (Fla. 3d DCA 1987). When the prior offense was the subject of a split sentence with an incident of probation as the condition of a suspended portion of a prior sentence (as distinguished from probation that was imposed in lieu of a sentence), this committee comment is plainly erroneous.
[4] Cain v. State, 506 So.2d 1125 (Fla. 1st DCA 1987), seems to use the committee note to Rule 3.701 d.5. to determine which offense, the prior or the subsequent, becomes the primary offense rather than to use the definition of primary offense in Rule 3.701 d.3.
[5] See Horn v. State, 433 So.2d 670 (Fla. 4th DCA 1983).
[6] The anomaly has been observed, see note 2 to Royer v. State, 488 So.2d 649 (Fla. 5th DCA 1986) and see the dissent to Tuthill v. State, 518 So.2d 1300, 1303 (Fla. 3d DCA 1987).
[7] See Leopard v. State, 491 So.2d 1284 (Fla. 1st DCA 1986); Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984) (capital felony not scored as additional offense valid reason for departure).
[8] See Davis v. State, 455 So.2d 602 (Fla. 5th DCA 1984) (subsequent out-of-state convictions not scored as prior record and therefore provide a clear and convincing reason for departure).