533 So.2d 926 (1988)
Aaron HAMILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-983.
District Court of Appeal of Florida, Fifth District.
November 17, 1988.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
AFFIRMED on the authority of Young v. State, 519 So.2d 719 (Fla. 5th DCA 1988).
DAUKSCH and ORFINGER, JJ., concur.
COWART, J., dissents with opinion.
COWART, Judge, dissenting.
The defendant was found guilty of a drug offense, hereinafter called the "prior offense", and placed on probation. While on probation he was accused of the arson of a barn,[1] hereinafter called the "subsequent offense".[2] The trial court found that he violated a condition of his probation by burning the barn and, in sentencing him on the prior offense, departed upward from the recommended guideline range giving as a reason the burning of the barn. The defendant appeals his departure sentence.
The records of another case[3] pending in this court, of which this court may take judicial notice,[4] indicate that since the departure sentence was imposed in this case a jury acquitted the defendant in this case, Aaron Hamilton, of the subsequent offense of arson of the barn which was the reason given for imposition of the departure sentence. This fact illustrates why a departure sentence on some prior offense, as to which the defendant may have been on probation or community control, should not be based on any subsequent offense for which the defendant has not been convicted. In this case, the defendant's guideline sentencing scoresheet was properly "notched up" under Rule 3.701 d.14. Because of differences in the burden of proof in probation proceedings and criminal trials, a trial court can legally find a defendant violated his probation by doing an act although the defendant is acquitted of a criminal charge involving the same act; nevertheless, it is error to base a departure sentence on a criminal offense as to which the defendant is found to be not guilty.
*927 For the reasons set forth at length in the dissent to Eldridge v. State, 531 So.2d 741 (Fla. 5th DCA, 1988), this court should recede from Young v. State, 519 So.2d 719 (Fla. 5th DCA, 1988), follow the majority view in Vanover v. State, 498 So.2d 899, 901 (Fla. 1986); Ponder v. State, 530 So.2d 1057 (Fla. 1st DCA 1988); Sloan v. State, 472 So.2d 488, 490 (Fla. 2d DCA 1985), approved in part, quashed in part, 491 So.2d 276 (Fla. 1986); Marshall v. State, 468 So.2d 255 (Fla. 2d DCA 1985), rev. denied, 472 So.2d 1181 (Fla. 1985); Tuthill v. State, 518 So.2d 1300 (Fla. 3d DCA 1987), rev. granted, Case No. 72,096 (Fla. May 24, 1988); Lewis v. State, 510 So.2d 1089 (Fla. 2d DCA 1987); Wilson v. State, 510 So.2d 1088 (Fla. 2d DCA 1987); Booker v. State, 514 So.2d 1079 (Fla. 1987), and State v. Pentaude, 500 So.2d 526 (Fla. 1987), to the effect and result that a "subsequent offense" should not be used to justify a departure sentence in any event unless the defendant is convicted of the subsequent offense, and certify conflict with Lambert v. State, 517 So.2d 133 (Fla. 4th DCA 1987), rev. granted, Case No. 71,890 (Fla. Feb. 10, 1988), and certify the following question as being one of great public importance (Fla.R.App.P. 9.125):
CAN A DEPARTURE SENTENCE ON A PRIOR OFFENSE BE BASED ON A SUBSEQUENT OFFENSE AS TO WHICH, AT THE TIME OF SENTENCING, THE DEFENDANT HAS NOT BEEN CONVICTED?
NOTES
[1] Actually the defendant was on probation on three drug charges and was accused of burning three barns. The facts are "simplified" in the text to avoid the confusion that results in attempting to state abstract legal principles in plural terms.
[2] For the purpose of this opinion only, a "subsequent offense" is taken to mean an offense committed after the commission of the prior offense. Under this definition, subsequent offense will never qualify as "prior record" under Rule 3.701 d.5.
[3] Erwin v. State, 532 So.2d 724 (Fla. 5th DCA 1988).
[4] See § 90.202(6), Fla. Stat.; Foxworth v. Wainwright, 167 So.2d 868 (Fla. 1964); Irvin v. Chapman, 75 So.2d 591 (Fla. 1954), cert. denied, 348 U.S. 915, 75 S.Ct. 297, 99 L.Ed. 718 (1955); Collingsworth v. Mayo, 37 So.2d 696 (Fla. 1948).