ERVIN, Judge.
Dewberry appeals the lower court’s imposition of a five-year departure sentence, contending that the lower court based its sentence on the impermissible reason that during the term of appellant’s probation for the offense of possession of cocaine, he violated a condition of his probation by committing an unarmed sexual battery. Appellant urges that the lower court cannot rely upon the commission of a later crime during his probation as a reason for departing more than one cell above the recommended range, because the appellant, at the time of the entry of the departure sentence, had not yet been convicted of such offense. We disagree and affirm.
On September 16, 1985, appellant was adjudicated guilty of the offense of possession of cocaine, a third degree felony, and was placed on five years’ probation. In December 1987, an affidavit of probation was filed, alleging that appellant violated a condition of probation in that he had failed to live and remain at liberty without violating any laws during the probationary term by being arrested for a sexual battery. Following the violation of the probation proceeding, at which the alleged victim and other witnesses testified, appellant’s probation was revoked, and he was given a five-year departure sentence. Appellant was *670 scored a total of 66 points, which would ordinarily have entitled him to a sentence of any nonstate prison sanction, under the category 7 scoresheet; however, the court was authorized by Florida Rule of Criminal Procedure 3.701(d)(14) to increase the recommended sentence to the next higher cell without giving any reason for departure. Thus, the trial court could have imposed a sentence of community control or 12-30 months’ incarceration, if it had given no reasons to depart. Because, however, the court imposed a departure sentence in excess thereof, or five years’ incarceration, the question is whether the reason given by the court complies with the standard stated by the Florida Supreme Court in State v. Pentaude, 500 So.2d 526, 528 (Fla.1987), permitting a departure sentence in circumstances where the trial court “finds that the underlying reasons for violation of probation ... are more than a minor infraction and are sufficiently egregious ...,” entitling it “to depart from the presumptive guidelines range and impose an appropriate sentence within the statutory limit.” The supreme court additionally commented that rule 3.701(d)(14), relating to a trial court’s right to depart one cell above the recommended range without giving any reason, was not designed
to completely limit the trial court’s discretion in sentencing when compelling clear and convincing reasons call for departure beyond the next cell. The trial judge has discretion to so depart based upon the character of the violation, the number of conditions violated, the number of times he has been placed on probation, the length of time he has been on probation before violating the terms and conditions, and any other factor material or relevant to the defendant’s character.
Pentaude, 500 So.2d at 528.
The primary distinguishing fact in Pen-taude from that in the case at bar is that Pentaude—unlike appellant—had been convicted of the subsequent offense during his probationary term. A defendant’s status of non-conviction has been the basis of two district courts’ refusal to approve a departure sentence of more than one cell above the recommended range. See Jacobs v. State, 533 So.2d 911 (Fla.2d DCA 1988); Tuthill v. State, 518 So.2d 1300 (Fla.3d DCA 1987), review granted, No. 72,096 (Fla. May 24, 1988); Wilson v. State, 510 So.2d 1088 (Fla.2d DCA 1987). Those cases rely primarily upon the language found in rule 3.701(d)(11), precluding a trial court from relying upon, as a reason for departure, “factors relating to the instant offenses for which convictions have not been obtained.” On the other hand, the Fourth and Fifth Districts have approved departure sentences imposing punishments greater than the next higher cell, despite the lack of any conviction for the subsequent offense. See Hamilton v. State, 533 So.2d 926 (Fla. 5th DCA 1988); Eldridge v. State, 531 So.2d 741 (Fla. 5th DCA 1988); Young v. State, 519 So.2d 719 (Fla. 5th DCA 1988); Lambert v. State, 517 So.2d 133 (Fla. 4th DCA 1987), review granted, No. 71,890 (Fla. argued September 1, 1988).
We align ourselves with the latter cases and certify our conflict with the former cases, which hold the contrary. In so saying, we agree with Judge Schwartz’s dissent in Tuthill, stating that to require proof beyond a reasonable doubt of the underlying offense on which a revocation of probation is based “is unjustifiably contrary to the entire basis of the concept of probation, which, because it is purely a matter of judicial grace, ... requires proof of a violation sufficient only to satisfy the conscience of the court.” 518 So.2d at 1304. We agree also with Judge Schwartz’s analysis that a conviction of the later offense, on which a revocation of probation is grounded, is not required by rule 3.701(d)(11), because the rule precludes the court from deviating from the guidelines only where the court asserts reasons that “include factors relating to the instant offenses for which convictions have not been obtained.” Fla.R.Crim.P. 3.701(d)(11). As Judge Schwartz astutely comments: “[T]he instant offense is the original charge for which sentence was imposed, not the facts underlying the violation of probation.” Tuthill, 518 So.2d at 1304 n. 2 (Schwartz, J., dissenting) (emphasis added).
*671 Similar to those courts which have affirmed upward departure sentences, despite the absence of convictions of subsequent offenses committed during the probationary term, we are of the view that Pentaude authorizes a departure above the next higher cell if the trial court assigns as a reason for departure the fact that a defendant had violated his or her probation by committing a sufficiently egregious offense, and, if the proof of the probation violation is sufficiently supported by the record, proof of the defendant’s conviction of the subsequent offense is not required.
We consider that the departure sentence at issue is, under the circumstances at bar, altogether appropriate for departure, because the lower court found that the state had met the burden required of it in revocation proceedings: to satisfy the conscience of the court that a violation occurred, see Bernhardt v. State, 288 So.2d 490 (Fla.1974); Lee v. State, 440 So.2d 612 (Fla.3d DCA 1983); Horn v. State, 433 So.2d 670 (Fla. 4th DCA 1983), and the sufficiency of the evidence supporting the court’s finding has not been challenged on appeal. Consequently, the lower court, pursuant to the review standard established in Pentaude, was justified in imposing a departure sentence, after finding the appellant guilty of violating his probation, by considering the egregious character of the conduct committed during the course of the defendant’s probationary term: the appellant’s violation of condition 5 of his probation (to live and remain at liberty without violating any law), by committing the offense of sexual battery, proved sufficiently to satisfy the conscience of the court.
We therefore consider that the reason given for departure—that appellant had committed an unarmed sexual battery on the victim—was sufficiently clear and convincing to support the departure beyond the next higher cell. It is in fact the egregious character of the violation that justifies the departure. The prohibition in rule 3.701(d)(11) against departure from the guidelines, based upon “factors relating to the instant offenses for which convictions have not been obtained,” is thus not implicated in the present case because the departure was based entirely upon factors influencing the court’s decision to revoke probation—not factors relating to the instant offense, or the original offense for which appellant was convicted. Contrast Ponder v. State, 530 So.2d 1057, 1059 (Fla. 1st DCA 1988) (court could not rely upon an offense for which a defendant had neither been convicted nor his probation revoked, because to do so “is inconsistent with the manifest purpose of rule 3.701(d)(11).”).
Although the court below stated that it found that the evidence proved the commission of a sexual battery beyond a reasonable doubt without mitigation—a finding that the court had no authority to make within the context of a revocation of probation proceeding—such unnecessary language does not diminish the effect of the trial court’s reasons, which we conclude were otherwise clearly and convincingly stated.
Consistent with the course followed by the courts in Lambert v. State and Young v. State, we certify the following question to the Florida Supreme Court as one of great public importance:
WHERE A TRIAL JUDGE FINDS THAT THE UNDERLYING REASONS FOR VIOLATION OF COMMUNITY CONTROL OR PROBATION CONSTITUTE MORE THAN A MINOR INFRACTION AND ARE SUFFICIENTLY EGREGIOUS, MAY HE DEPART FROM THE PRESUMPTIVE GUIDELINES RANGE AND IMPOSE AN APPROPRIATE SENTENCE WITHIN THE STATUTORY LIMIT EVEN THOUGH THE DEFENDANT HAS NOT BEEN “CONVICTED” OF THE CRIMES WHICH THE TRIAL JUDGE CONCLUDED CONSTITUTED A VIOLATION OF HIS COMMUNITY CONTROL OR PROBATION?
AFFIRMED.
WENTWORTH and ZEHMER, JJ., concur.