545 So.2d 850 (1989)
STATE of Florida, Petitioner,
v.
Harold TUTHILL, Respondent.
No. 72096.
Supreme Court of Florida.
June 15, 1989.
*851 Robert A. Butterworth, Atty. Gen., and Ralph Barreira, Asst. Atty. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for respondent.
PER CURIAM.
We have for review the opinion of the Third District Court of Appeal in Tuthill v. State, 518 So.2d 1300 (Fla. 3d DCA 1988), which is in direct and express conflict with Lambert v. State, 517 So.2d 133 (Fla. 4th DCA 1988), and Young v. State, 519 So.2d 719 (Fla. 5th DCA 1988). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
We accepted review in both Young and Lambert based on the following certified question:
WHERE A TRIAL JUDGE FINDS THAT THE UNDERLYING REASONS FOR VIOLATION OF PROBATION CONSTITUTE MORE THAN A MINOR INFRACTION AND ARE SUBSTANTIVE VIOLATIONS, MAY HE DEPART FROM THE PRESUMPTIVE GUIDELINES RANGE AND IMPOSE AN APPROPRIATE SENTENCE WITHIN THE STATUTORY LIMIT EVEN THOUGH THE DEFENDANT HAS NOT BEEN "CONVICTED" OF THE CRIMES WHICH THE TRIAL JUDGE CONCLUDED CONSTITUTED A VIOLATION OF HIS PROBATION?
Young, 519 So.2d at 722.[*] The case before us involves this identical issue. In 1983, Tuthill pled nolo contendere to a charge of a lewd and lascivious act in the presence of a child and was sentenced to four years of probation. Then, in 1984, Tuthill was charged by affidavit with violating his probation by committing a lewd and lascivious act upon a minor. The trial court revoked Tuthill's probation and sentenced him to fifteen years in prison, and the state entered a nolle prosequi on the new substantive charge.
The third district court remanded for a new sentencing hearing, Tuthill v. State, 478 So.2d 409 (Fla. 1985), and on resentencing the trial court again sentenced Tuthill to fifteen years in prison, using the probation and the violation of probation as the principle reasons for departure. The third district reversed the sentence again, holding that a conviction on the new substantive count was required before it could be used as a reason to depart from the guidelines.
We have recently addressed this issue in Lambert v. State, 545 So.2d 838 (Fla. 1989) (consolidated with Young v. State). In those cases we answered the above-stated certified question in the negative, quashing the district court opinions in both cases. Our decision there controls in this case. Accordingly, we approve the opinion of the third district and remand this case for resentencing within the guidelines.
It is so ordered.
EHRLICH, C.J., and SHAW, BARKETT and KOGAN, JJ., concur.
OVERTON, Justice, dissenting:
I dissent for the reasons expressed in Lambert v. State, 545 So.2d 838 (Fla. 1989).
McDONALD and GRIMES, JJ., dissent.
NOTES
[*] The Lambert case involves the same certified question differing only in that Lambert's punishment had been community control rather than probation. Lambert v. State, 517 So.2d 133, 134 (Fla. 4th DCA 1988).