PER CURIAM.
We review Eldridge v. State, 531 So.2d 741 (Fla. 5th DCA 1988), because of conflict with Tuthill v. State, 518 So.2d 1300 (Fla. 3d DCA 1987). Art. V, § 3(b)(3), Fla. Const.
In this case the defendant was convicted of lewd assault and placed on probation. Thereafter, his probation was revoked upon a finding that he had committed a second lewd assault upon the same victim. The defendant was given a departure sentence based upon the new assault even though he was not convicted of that offense. Consistent with Young v. State, 519 So.2d 719 (Fla. 5th DCA 1988), and Lambert v. State, 517 So.2d 133 (Fla. 4th DCA 1987), the Fifth District Court of Appeal affirmed the departure sentence.
The district courts of appeal opinions in Young and Lambert have now been disapproved by this Court’s opinion in Lambert v. State, 545 So.2d 838 (Fla.1989). Likewise, this Court has approved Tuthill on the premise that the conduct underlying the violation of probation for which a conviction has not been obtained may not be used to justify a departure sentence. State v. Tuthill, 545 So.2d 850 (Fla.1989). Accordingly, we quash the district court of appeal opinion below and remand the case for resentencing within the recommended guidelines range.
It is so ordered.
EHRLICH, C.J., and SHAW, BARKETT and KOGAN, JJ., concur.